UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALONJI MAHON,

                        Petitioner,

        -against-

COMMISSION OF NEW YORK STATE
DIVISION OF PAROLE,

                        Respondent.

1:19-cv-09498 (JLR) (SLC)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Petitioner Kalonji Mahon, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in connection with his 2012 New York State conviction for narcotics offenses. ECF No. 1 at 1 (the "Petition"). On October 3, 2022, Magistrate Judge Sarah L. Cave issued a Report and Recommendation recommending that the Court deny the Petition in its entirety. ECF No. 26 (the "Report"). The Report warned, in bolded all capital letters, that failure to timely object would result in a waiver of objections and preclude appellate review. *Id*. at 44. On October 11, 2022, Respondent filed a response stating that it maintains that the Petition should be denied. ECF No. 28. Neither Petitioner nor Respondent have timely filed objections to the Report.[1] For the following reasons, the Court adopts the Report in full and DENIES the Petition.

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). Parties may object to a magistrate

---

[1] At Judge Cave's direction, the Clerk of Court and Respondent each mailed a copy of the Report on October 4, 2022 to Petitioner.

judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2).  That deadline is extended to 17 days when service is made by mail.  *See* Fed. R. Civ. P. 6(d).  "[A] district court evaluating a magistrate judge's recommendation is permitted to adopt those portions of the recommendation to which no 'specific, written objection' is made, as long as those sections are not clearly erroneous." *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012) (quoting *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997), *aff'd*, 136 F.3d 313 (2d Cir. 1998)); *see also S.J. v. New York City Dep't of Educ.*, No. 21-cv-240, 2022 WL 1409578, at *1 n.1 (2d Cir. May 4, 2022) (same).  A party's "failure to object timely to a report waives any further judicial review of the report" so long as the party received "clear notice of the consequences of their failure to object."  *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (internal quotation marks omitted).

      Here, neither party has submitted objections to the Report.  The Court has therefore reviewed Magistrate Judge Cave's Report for clear error.  *See Ramirez*, 898 F. Supp. 2d at 663.  There are two minor factual discrepancies.  First, the Report states that Petitioner's indictment was dated December 23, 2013.  Report at 4.  The portion of the state court record cited for this fact also states that the indictment was dated December 23, 2013.  *Id.* (citing ECF No. 15-3 at 1 ¶ 3).  This date must be incorrect, as it postdates Petitioner's May 21, 2012 date of conviction.  *See* ECF No. 1 at 1; Report at 7.  However, this apparent misdate is immaterial.  *See, e.g.*, *Kadarko v. Lempke*, No. 11-cv-3003 (KBF) (RLE), 2014 WL 726659, at *5 n.8 (S.D.N.Y. Feb. 25, 2014) (finding factual error in report immaterial).  In addition, while the Report states that Petitioner's parole status remained "active" as of September 28, 2022 (Report at 15), Petitioner's current parole status appears to be "discharged."  N.Y. Dep't of Corr. & Cmty. Supervision,

Parolee Lookup, https://publicapps.doccs.ny.gov/ParoleeLookup/Default (last visited Oct. 28, 2022). But even if Petitioner has now been "discharged from parole," that does not moot this action because Petitioner "timely challenged his underlying conviction, and it cannot be 'shown that there is no possibility that any collateral consequences will be imposed on the basis of the challenged conviction.'" *Wilson v. Mazzuca*, 570 F.3d 490, 493 n.1 (2d Cir. 2009); *see* Report at 22-23.

The Court finds that the Report's reasoning is sound, grounded in fact and law, and not clearly erroneous. Accordingly, the Court adopts the thorough and well-reasoned Report in its entirety and DENIES the Petition.

The lack of any timely objections, in light of the clear notice provided in the Report, precludes appellate review of this decision. *See Frank*, 968 F.2d at 300. Additionally, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court therefore declines to issue a certificate of appealability, certifies that any appeal from this order would not be taken in good faith, and denies *in forma pauperis* status for the purpose of appeal. *See id.*; 28 U.S.C. § 1915(a)(3).

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner and CLOSE this case.

Dated: October 28, 2022
       New York, New York

                                              SO ORDERED.

                                              JENNIFER L. ROCHON
                                              United States District Judge